IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK LEWIS KING,

    Petitioner,

v.                                                    Civil Action No. 3:16CV52
                                                    Criminal Action No. 3:12CR27
                                                     (Judge Groh)

UNITED STATES OF AMERICA,

    Respondent.

## **REPORT AND RECOMMENDATION**

### **I. INTRODUCTION**

On April 25, 2016, Mark L. King ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:16CV52, ECF No. 1; Criminal Action No. 3:12CR27, ECF No. 100).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### **II. FACTS**

Following the signing of a plea agreement, the Petitioner plead guilty to count two charged in the indictment, distribution of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," within 1,000 feet of a school, in violation of 21 U.S.C. 841(a)(1) and 860. On December 4, 2012, the Presentence Investigation Report ("PSR") was filed. ECF No. 52,

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

Paragraph 42 of the PSR provides in pertinent part as follows: "Chapter Four Enhancements. None."

On December 6, 2012, Petitioner was sentenced to 108 months incarceration. ECF No. 29. Petitioner's first Motion to Vacate under 28 U.S.C. § 2255, was filed December 9, 2013. ECF No. 64. On December 11, 2014, Petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 93. On March 12, 2015, District Court granted Petitioner's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing sentence from 108 months of incarceration to 100 months of incarceration effective November 2, 2015. ECF No. 96.

In the instant case, Petitioner filed his second Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in <u>Johnson v. United States</u>[2], he is entitled to be resentenced. ECF No. 100.

### III. ANALYSIS

In <u>Johnson</u>, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. <u>Johnson</u>, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in U.S.S.G. § 4B1.2 which, since at least 2004, has contained the same language as the ACCA which was struck down as unconstitutional in <u>Johnson</u>. See <u>In re Hubbard</u>, ___ F.3d ___, 2016 WL 318417 (4th Cir. June 8, 2016). Although the Court did not find the career offender residual clause

---

[2] 135 S.Ct. 2551 (2015).

unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Beckles v. United States, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

Therefore, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2 may be entitled to relief if the holding in Johnson is extended to career offenders. However, the instant case does not require such analysis. Petitioner was not sentenced as a career offender, nor as an Armed Career Criminal, and therefore, his argument that Johnson renders his sentence invalid lacks merit.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16CV52, ECF No. 1; Criminal Action No. 3:12CR27, ECF No. 100] be **DENIED** and **DISMISSED.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: July 13, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE